United States District Court
for the
Southern District of Florida

| Julian Depot Miami, LLC, Plaintiff, | ) | |
|---|---|---|
| v. | ) ) ) ) | Civil Action No. 19-22838-Civ-Scola |
| Home Depot U.S.A., Inc., Defendant. | ) | |

**Order Granting the Defendant's Motion to Dismiss**

This matter is before the Court on the Defendant Home Depot U.S.A., Inc.'s ("Home Depot") motion to dismiss. (ECF No. 5.) The Plaintiff Julian Depot Miami, LLC ("Julian Depot") leased a property to Home Depot for twenty years. Julian Depot sues to recover for damages incurred in a fire and subsequent demolition, alleging that Home Depot is required by the lease to reconstruct the building. Having considered the parties' submissions, the record, and the applicable law, the Court **grants** Home Depot's motion. (**ECF No. 5**.)

1. **Background Facts**

Home Depot, in December 2006, entered into a twenty-year land lease with Julian Depot's predecessor-in-interest, Tallahassee LLC. (ECF No. 28 ¶¶ 8-9.) Prior to Julian Depot's acquisition of the land, between 2007 and 2008, Home Depot constructed a retail center on the site, whose value exceeds $6,000,000. (ECF No. 28 ¶¶ 11-12.) Some four years later, in December 2012, Julian Depot took title to the land from Tallahassee LLC and assumed the lease. (*Id.* at ¶ 22.) Less than a year after that, in November 2013, a fire damaged the store. (*Id.* at ¶ 23.) According to the complaint, Home Depot demolished the damaged store on February 11, 2014. (*Id.* at ¶ 25.)

Julian Depot's complaint centers on Home Depot's alleged refusal to rebuild its home-improvement store following the post-fire demolition and includes two counts: one seeking breach of contract and one seeking indemnity. Julian Depot alleges that Home Depot has breached the lease by failing to obtain insurance that satisfies the requirements of the lease. (*Id.* at ¶¶ 41-42.) It instead elected to self-insure, and thus Home Depot is liable under the lease as an insurer. (*Id.*) Julian Depot also claims that Home Depot agreed to indemnify it "against and from any and all damages…arising from or out of any occurrence in or upon the Premises." (*Id.* at ¶ 49.)

## 2. Procedural History

Julian Depot has previously filed suit in this Court, seeking damages for Home Depot's failure to rebuild the store following the fire. *See* 1:17-cv-22475-RNS. The Court dismissed Julian Depot's breach of contract claim because it did not sufficiently allege damages and allowed its declaratory judgment claim to proceed. 1:17-cv-22475-RNS, ECF No. 13. The Court denied Julian Depot's motion for leave to amend its complaint because it failed to show good cause supporting the modification of the Court's scheduling order. 1:17-cv-22475-RNS, ECF No. 66. Finally, on November 11, 2018, the Court granted Home Depot's motion for summary judgment and entered judgment in favor of Home Depot. 1:17-cv-22475-RNS, ECF No. 106-107.

Julian Depot filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, and it filed this adversarial proceeding in the bankruptcy case as a core proceeding under 28 U.S.C. § 157(b). The bankruptcy court transferred the case to this Court "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

Home Depot now moves to dismiss alleging that Julian Depot failed to state a claim and that the complaint is barred by the prohibition against claim splitting. (ECF No. 5 at 11-18.) Julian Depot responds that the Court's prior order denying leave to amend was based on its scheduling order and does not preclude it from bringing a separate action; it is not splitting claims because it is suing under a different provision of the lease; and, it sufficiently stated a claim. (ECF No. 37-1 at 4-9.)

## 3. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 4. Analysis

Home Depot argues that the case should be dismissed because a plaintiff is required "to assert all of its causes of action arising from a common set of facts in one lawsuit." (ECF No. 5 at 23.) In coming to this conclusion, it relies on the doctrine of improper claim splitting. The Court agrees with Home Depot's general argument but notes that its reliance on claim splitting is misguided.

"Claim-splitting has been analyzed as an aspect of res judicata or claim preclusion." *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citing *Khan v. H&R Block E. Enters., Inc.*, 2011 WL 3269440, at *6 (S.D. Fla. July 29, 2011) (Cooke, J.) ("[F]ederal courts borrow from the res judicata test for claim preclusion to determine whether [a] plaintiff['s] claims were split improperly")). "While claim splitting and res judicata both promote judicial economy and shield parties from vexatious and duplicative litigation, claim splitting is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *Vanover*, 857 F.3d at 841. The Eleventh Circuit's test for claim-splitting "is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Id.* This Court entered a final judgment in the prior suit between Julian Depot and Home Depot, and thus the Court need not analyze whether this suit is barred by improper claim splitting. 1:17-cv-22475-RNS, ECF No. 107. Instead, the Court will determine whether this suit is barred by res judicata.[1]

"Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Where all four elements are met, the judgment in the first suit is conclusive not only as to every matter which was offered and considered to sustain or defeat the claim, but as to every other matter which may have been also properly litigated and determined in that action. *See id.* (holding that claim preclusion "bars the filing of claims which were raised or could have been raised in an earlier proceeding.") The principle motivating the

---

[1] Even if Home Depot did not sufficiently raise the issue of res judicata, the Court would sua sponte raise the issue. "[D]ismissal by the court sua sponte on res judicata grounds is permissible in the interest of judicial economy where both actions were brought before the same court." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 n. 2 (11th Cir. 2010); *see also, Akanthos Capital Management, LLC c. Atlanticus Holdings Corp.*, 734 F.3d 1269, 1272 (11th Cir. 2013).

application of claim preclusion—also referred to as res judicata—is that the "full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

There can be no dispute that the same parties were involved in the earlier suit. *See* 1:17-cv-22475-RNS. It is also clear that the Court is a court of competent jurisdiction, and that it rendered a final judgment on the merits. *See Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990) (a court has competent jurisdiction when it had subject-matter jurisdiction over the case and personal jurisdiction over the parties.). The Court therefore turns to the final prong.

"Claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002). "A series of breaches of the same contract, all occurring before filing suit, should be brought in that suit." *Id.* Here, the parties cannot dispute that both lawsuits allege that Home Depot breached of the same lease. The claims in the first suit (breach of contract and declaratory judgment) and the claims in the second suit (breach of contract and indemnity) all seek recovery from Home Depot's failure to rebuild after, or otherwise compensate Julian Depot for, razing the building due to fire damage. The Court has already analyzed the lease and determined that the contract does not require Home Depot to reconstruct the building in its order granting summary judgment. 1:17-cv-22475-RNS , ECF No. 106. Julian Depot cannot again sue for these damages under the lease because it came up with a new legal theory—that Home Depot elected to self-insure the property and thus was liable to repair the fire's damages. (ECF No. 28.) This suit is barred because where "the second lawsuit alleges a breach of the same contract that was breached in the first, by the same party, in the same general manner, those actions constitute the factual predicate, and any claims relating to that contract should be brought in the same lawsuit." *Trustmark Ins. Co.*, 299 F.3d at 1270; *see also, Prime Mgmt. Co., Inc. v. Steinegger*, 904 F.2d 811, 816 (2d Cir. 1990) (holding that "res judicata will preclude the party's subsequent suit for any claim of breach that had occurred prior to the first suit; it will not, however, bar a subsequent suit for any breach that had not occurred when the first suit was brought.").

### 5. Conclusion

In sum, the Court **grants** Home Depot's motion to dismiss (**ECF No. 5**) because Julian Depot's claim is barred by claim preclusion. The Plaintiff's complaint is dismissed **with prejudice**. The Clerk is directed to **close** this case.

**Done and ordered**, in chambers, in Miami, Florida, on September 23, 2019.

Robert N. Scola, Jr.
United States District Judge